IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


STEPHANIE PARKER                                                                                    PLAINTIFF


V.                                          CASE NO.  4:10CV00122 JMM


CITIMORTGAGE, INC., AND
CORELOGIC FLOOD SERVICES, LLC
D/B/A FIRST AMERICAN FLOOD DATE
SERVICES, INC.                                                                                       DEFENDANTS


ORDER

Pending before the Court are Separate Defendant CoreLogic Flood Services, LLC's Amended Motions and Motion to Dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (#20, #24, #27).  For the reasons stated below, the motions are denied.

*Complaint Allegations*

Based upon federal law, Plaintiff's original mortgagor required Plaintiff to purchase flood insurance as a condition of the mortgage on her home.  Payments for this insurance were made through Plaintiff's escrow account.  In January of 2007, Defendant Citimortage, Inc. ("Citi") purchased Plaintiff's mortgage from the original mortgagor, and assumed all the duties and obligations owed to Plaintiff.  Plaintiff was told that "everything would remain the same" except that she would make payments to a different location.  When Citi assumed the mortgage in 2007, Defendant CoreLogic Flood Services, LLC ("CoreLogic") contracted with Citi and the Plaintiff

to provide accurate flood risk information to Citi.

Citi subsequently cancelled Plaintiff's flood insurance coverage based upon inaccurate information provided by CoreLogic. This cancellation was without Plaintiff's knowledge. Plaintiff's home was damaged by floods on October 30th and 31st, 2009, and in December of 2009. Plaintiff was unable to make a claim on her flood insurance policy because it had been cancelled prior to the floods.

Plaintiff filed her complaint bringing negligence, breach of contract, and breach of fiduciary duty claims against both Defendants. Defendant CoreLogic seeks dismissal contending that (1) the relevant federal law does not create a private cause of action; (2) CoreLogic did not owe a duty to Plaintiff which is a prerequisite for a negligence claim and for a breach of fiduciary duty claim; (3) Plaintiff has failed to show privity of contract with CoreLogic; and (4) Plaintiff's claims are barred by applicable statutes of limitations.

*Analysis*

For purposes of a Rule 12(b)(6) motion, the Court accepts as true all factual allegations contained in the complaint. *See Zutz v. Nelson*, 601 F.3d 842 (8th Cir. 2010). The complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "The court may consider, in addition to the pleadings, materials embraced by the pleadings and materials that are part of the public record." *McAdams v. McCord*, 584 F.3d 1111, 1113 (8th Cir.2009) (quoting *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 889 (8th Cir. 2002).

The parties agree that the federal law which requires flood insurance is the Flood Disaster Protection Act ("the Act"). The Court agrees with Defendant, as does Plaintiff, that there is no implied federal right of action for violations of the Act. However, the Act can create a standard of conduct which, if broken, could give rise to an action for common-law negligence. *See Hofbauer v. Northwestern National Bank of Rochester,* 700 F.2d 1197, 1201 (8th Cir. 1983).

Moreover, based upon Plaintiff's allegations, she has pled sufficient facts to establish breach of contract and breach of fiduciary claims.

The relationship between Citi and CoreLogic has not been defined and neither the flood insurance cancellation date nor the date of the wrongful report by CoreLogic has been determined which renders CoreLogic's motion based upon statutes of limitations premature. That portion of the motion is denied without prejudice.

*Conclusion*

Defendant CoreLogic's motions are denied.

IT IS SO ORDERED THIS  10   day of  December , 2010.

_____
James M. Moody
United States District Judge